FILED
2010 Jul-28  AM 08:08
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|                                          |     |                            |
| ---------------------------------------- | --- | -------------------------- |
| TRINITY UNIVERSAL INSURANCE COMPANY,     | )   |                            |
|                                          | )   |                            |
| Plaintiff                                | )   |                            |
|                                          | )   | Case No.  2:09-cv-01859-HGD |
| vs.                                      | )   |                            |
|                                          | )   |                            |
| BARRY SEARCY, et al.,                    | )   |                            |
|                                          | )   |                            |
| Defendants                               | )   |                            |

## <u>MEMORANDUM OPINION</u>

The above-entitled civil action is before the court on the Motion for Summary Judgment filed by plaintiff Trinity Universal Insurance Company (Trinity). (Doc. #11).  Plaintiff Trinity requests a declaratory judgment regarding its duty to defend or indemnify under the terms of both a homeowners and an automobile insurance policy which defendants Barry and Natalie Searcy (Mr. and Mrs. Searcy, respectively) purchased from Trinity.

The facts in this case are not in dispute.  On September 9, 2006,[1] Mr. Searcy, as an employee of E-Z Ride Auto Sales (E-Z Ride), sold Wendy Russell a 1998 GMC

---

[1] Plaintiff asserts this date in its Motion for Summary Judgment and cites to Barry Searcy's deposition.  However, the deposition merely references a sales document, which has not been placed before the court, without actually stating the date of sale.

Jimmy.  (Doc. #11-3, Barry Searcy Depo., at 13:23-14:1).  Prior to the sale, E-Z Ride held title to the vehicle at issue and E-Z Ride is listed as the seller on the sales documents.  (*Id.* at 10:22-11:3, 14:15-21).  Further, E-Z Ride is incorporated in the state of Alabama and all vehicles are stored and sold from its principle place of business located at 104 Woodward Avenue in Muscle Shoals, Alabama. (*Id.* at 9:5-23, 20:1-6).

On or about October 13, 2007, Wendy Russell, while driving the vehicle at issue, was involved in a one car accident.  (Doc. #11-2, State Court Complaint, at 6). The vehicle overturned on the roadway causing the driver's side door to open and eject her from the vehicle, resulting in her death.  (*Id.*).  On March 9, 2009, Stuart Edward Russell, as personal representative for the estate of Wendy Russell, filed a lawsuit against E-Z Ride Auto Sales and Barry Searcy, among others, in the Circuit Court of Colbert County, Alabama, for damages arising from the accident.  (*Id.*, at 2). The underlying complaint sues Barry Searcy in his capacity as an "individual doing business as E-Z Ride Auto Sales." (*Id.*).  The underlying complaint alleges that Barry Searcy is liable under the Alabama Extended Manufacturers Liability Doctrine (AEMLD), as well as for negligence, wantoness, and breach of implied warranty. Thereafter, Trinity filed the instant suit requesting a declaratory judgment regarding the October 13, 2007, accident under Mr. and Mrs. Searcy's homeowners and

automobile policies.  An amended complaint was filed November 4, 2009, joining

Stuart Edward Russell, as personal representative, as a defendant in the instant suit.

The relevant policy provisions are set out below.  Personal liability coverage

under the homeowners policy is set forth in form HO0003, as follows:

**SECTION II – LIABILITY COVERAGES**
**COVERAGE E – PERSONAL LIABILITY**

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which the "insured" is legally liable.  Damages include prejudgment interest awarded against the "insured"; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent.  We may investigate and settle any claim or suit that we decide is appropriate.  Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

The quoted terms are defined as follows:

1. "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

* * * * *

5. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:
   a.  "Bodily injury"; or
   b.  "Property damage."

6. "Property damage" means physical injury to, destruction of, or loss of use of tangible property.

(Doc. #11-4, § II–Coverages, Coverage E).

Form HO0003  includes the following exclusions:

**SECTION II - EXCLUSIONS**

1. **Coverage E - Personal Liability** and **Coverage F - Medical Payment to Others** do not apply to "bodily injury" or "property damage":

   \* \* \* \* \*

   b.  Arising out of or in connection with a "business" engaged in by an "insured."  This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the "business."

   \* \* \* \* \*

   f.  Arising out of:
   1)  The ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an "insured."

   \* \* \* \* \*

2. "Business" includes trade, profession or occupation.

   \* \* \* \* \*

(*Id.* at § II – Coverages, Coverage A. Bodily Injury and Property Damage Liability,

Exclusions).

The second policy is an automobile policy insuring Barry Searcy's personal vehicle, a Toyota Sequoia.  (Barry Searcy Depo. at 17:10-15).  This policy contained the following insuring agreement:

**PART A - LIABILITY COVERAGE**

**INSURING AGREEMENT**

**A**. We will pay damages for "bodily injury" or "property damage"for which any "insured" becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the "insured." We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payments of judgments or settlements. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

**B**. "Insured" as used in this Part means:
   1.  You or any "family member" for the ownership, maintenance or use of any auto or "trailer."

(Doc. #11-5, Part A- Liability Coverage, Insuring Agreement).  The automobile liability coverage includes the following exclusions:

**EXCLUSIONS**

**A**. We do not provide Liability Coverage for any "insured":

* * * * *

6.  While employed or otherwise engaged in the "business" of:
   a.  Selling;
   b.  Repairing;

    c.  Servicing;
    d.  Storing; or
    e.  Parking;
    vehicles designed for use mainly on public highways. This includes
    road testing and delivery. . . .

* * * * *

**B**. We do not provide Liability Coverage for the ownership, maintenance or use of:

* * * * *

  2.  Any vehicle, other than "your covered auto," which is:
    a.  Owned by you; or
    b.  Furnished or available for your regular use.

(Doc. #11-5, Part A-Liability Coverage, Exclusions).  The automobile policy defines

"bodily injury" and "business" as follows:

**D**. "Bodily injury" means bodily harm, sickness, or disease, including death that results.

**E**. "Business" includes trade, profession or occupation.

(Doc. #11-5, Definitions).

The automobile policy contains additional coverage through a Personal

Catastrophe Liability Endorsement, form AK 3714.  (Doc. #1-3 at 29-34):

**INSURING AGREEMENTS**

**I.**    **Coverage A - Personal Liability**
      We will cover that portion of the damages for bodily injury, personal injury or property damage a covered person is legally responsible for which exceeds the retained limit.

**II.**    **Defense - Settlement**
      If it is claimed that a covered person is legally responsible for damages which are not payable (1) under any underlying insurance

Page 6 of  12

or (2) due to exhaustion of all underlying insurance, but which are covered under this endorsement except for the retained limit, we will:

a   Provide a defense by counsel of our choice.  We may investigate and settle the claim or suit as we see fit.  Our duty to defend ends when our limit of liability is exhausted by payment of damages;

* * * * *

**EXCLUSIONS**
This endorsement does not apply to:

* * * * *

m)  Business activity or business property.  Business property does not include farms.  This exclusion does not apply to:
1.  Your or a family member's use of a private passenger auto; or
2.  Activities which are ordinarily incident to non-business pursuits.

The Personal Catastrophe Liability form includes the following definitions:

"Bodily injury" means:  Bodily harm, sickness, disease, death, or disability, including shock, mental anguish and mental injury arising therefrom.

* * * * *

"Business" includes trade, profession, occupation or the rental or holding for rental of any part of any premises by a covered person.

## DISCUSSION

This matter is considered by the court pursuant to the provisions of Rule 56, Fed.R.Civ.P.  Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).  Thus, summary judgment is appropriate where the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 332, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  The substantive law governing the action determines whether an element is essential. *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510.  A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, identifying those portions of the pleading, depositions, answers to interrogatories, and admissions on file, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *see Brown v. Crawford*, 906 F.2d 667, 669 (11th Cir. 1990), *cert. denied*, 500 U.S. 933, 111 S.Ct. 2056, 114 L.Ed.2d 461 (1991).

This circuit clearly holds that summary judgment should be entered when the moving party has sustained its burden of showing the absence of a genuine issue of material fact when all the evidence is viewed in the light most favorable to the non-moving party, *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir. 1983); *see also,*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Liberty Lobby*, 477 U.S. at 252, 106 S.Ct. at 2512. The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his or her favor. *Id.* at 255, 106 S.Ct. at 2514, *citing Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59, 90 S.Ct. 1598, 1608-09, 26 L.Ed.2d 142 (1970). If a party does not respond to a properly made and supported motion for summary judgment, then "summary judgment should, if appropriate, be entered against that party." Rule 56(e)(2), Fed.R.Civ.P. states that a party opposing a motion for summary judgment may not rely merely on the allegations in its pleading but must, by affidavits or otherwise, set out specific facts showing a genuine issue for trial. It is, therefore, under this standard that the court must determine whether the plaintiff has met its burden of showing the absence of a genuine issue of material fact.

Trinity filed a Motion for Summary Judgment on February 22, 2010. Pursuant to the Initial Order, entered on October 16, 2009, defendants had 21 days from the filing of a dispositive motion to respond. As of March 15, 2010, defendants had not filed a response, nor has any response been filed since the deadline. Accordingly, plaintiff's Motion for Summary Judgment proceeds unopposed.

A contract of insurance must be construed liberally in favor of the insured and strictly construed against the insurer.  *Tyler v. Insurance Co. of North America*, 331 So.2d 641 (Ala. 1996).  Insurance policies are to be construed according to their plain meaning using a "rational and practical" construction.  *Woodall v. Alfa Mut. Ins. Co.*, 658 So.2d 371, 372 (Ala. 1995).  Exclusions and limitations on coverage are to be interpreted as narrowly as possible so as to provide maximum allowable coverage to the insured.  *Canal Ins. Co. v. Old Republic Ins. Co.*, 718 So.2d 8, 12 (Ala. 1998).

However, despite their narrow construction, insurance contracts also must be construed to give effect to the intentions of the parties, and when the intentions are clear and unambiguous, the policy must be enforced as written.  *See, e.g., Gregory v. Western World Ins. Co.*, 481 So.2d 878, 881 (Ala. 1985), *quoted in Woodall v. Alfa Mut. Ins. Co.*, 658 So.2d 371 (Ala. 1995) ("(i)nsurance companies are entitled to have their policy contracts enforced as written, rather than risking their terms either to judicial interpretation or the use of straining language.").  Here, there is no dispute over the ambiguity of any policy provisions.  So, as plaintiff points out, the unambiguous policy provisions and exclusions control whether there is coverage under the two policies at issue.  The court finds that there is not.

Both policies contain clear and unambiguous exclusions for claims arising from the insured's business.  The homeowners policy states that coverage does not apply

to bodily injury "arising in connection with a 'business' engaged in by an 'insured.'" (Doc. #11-4, § II–Coverages, Coverage A. Bodily Injury and Property Damage Liability, Exclusions).  Similarly, the automobile policy excludes coverage for any insured "while employed or otherwise engaged in the business of . . . selling . . . vehicles for use mainly on public highways."  (Doc. #11-5, Part A - Liability Coverage, Exclusions).  Defendants do not dispute that E-Z Ride Auto Sales is a business as defined under the policy provisions outlined above.  Neither do they dispute that Barry Searcy was engaged in that business when he sold the car at issue to Ms. Russell.  As such, Mr. Searcy's actions clearly fall within the scope of the exclusions even under the most narrow of interpretations and are properly excluded from coverage under the policies.

Based on the foregoing, the court finds that plaintiff's Motion for Summary Judgment is due to be granted and a declaratory judgment entered that plaintiff has no duty to defend or indemnify defendants Barry and Natalie Searcy in connection with the underlying state complaint at issue.

A separate order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 27th day of July, 2010.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE